Walker G. Harman, Jr. [WH-8044]
1350 Broadway, Suite 1510
New York, New York 10018
212-425-2600
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

HARRY PILITSIS,

                         Plaintiff,

-against-

EBER-METRO, LLC f/k/a EBER BROS.
WINE & LIQUOR METRO, INC.,
LESTER EBER, and JAMES TARRANT,

                        Defendants.
------------------------------------------------------------------X

Case No: 07 Civ. 8143 (HB)

**AMENDED COMPLAINT**

**PLAINTIFF HEREBY
DEMANDS A
TRIAL BY JURY**

       Plaintiff, Harry Pilitsis, by his attorney, Walker G. Harman, Jr., as and for his complaint against Defendants, alleges as follows:

### PARTIES, JURISDICTION AND NATURE OF ACTION

       1.    Plaintiff, Harry Pilitsis, was an employee of Eber-Metro, LLC and was illegally terminated in violation of both Federal and State laws that prohibit age-based discrimination.

       2.    Defendant, Eber-Metro, LLC ("Eber"), is an organization authorized to do business in the State of New York, with offices located at 305 S. Regent Street, Port Chester, New York 10573.

       3.    Defendant, Lester Eber, is the President and Chief Executive Officer of Eber-Metro, LLC.

4. Defendant, James Tarrant, is the General Sales Manager of the Eber Bros. Division and was Plaintiff's direct supervisor.

5. The Plaintiff is an employee within the meaning of 29 U.S.C. § 630(f).

6. The Plaintiff is within the age limits as prescribed by 29 U.S.C. § 631(a).

7. The Defendants are employers within the meaning of 29 U.S.C. § 630(b) (c) and (d).

8. The Defendants are engaged in commerce within the meaning of 29 U.S.C. § 630(h).

9. Mr. Pilitsis was unlawfully terminated on August 8, 2006, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166), as well as New York Executive Law § 296, *et. seq.*

10. This action seeks compensatory and punitive damages for Defendants' violations of the Age Discrimination in Employment Act of 1967, and New York Executive Law § 296, *et. seq.*

11. Mr. Pilitsis filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 12, 2007, and was issued a right to sue letter on July 17, 2007.

12. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343, and any related claims under New York law.

13.     Pursuant to 28 U.S.C. § 1391, venue is properly laid in this Court in that the unlawful conduct giving rise to this Complaint occurred within the Southern District of New York.

## BACKGROUND

14.     Mr. Pilitsis was hired on July 30, 1996 to bring in and develop new accounts, as well as hire new sales people to organize Eber Bros. Metro New York sales channels.

15.     Mr. Pilitsis was a diligent and dedicated employee of Eber, and in December 1996, less than six (6) months after he commenced his employment, Mr. Pilitsis received a promotion to the position of Manager.

16.     During Mr. Pilitsis's 10-year tenure with Eber, he always received positive feedback for his work performance. He was an excellent manager who managed numerous accounts and many employees, and always maintained high individual and team sales productivity.

17.     In 2002, 2004, and 2005, the Regional Sales Manager Position became available. Mr. Pilitsis requested to be considered for the position but was repeatedly turned down and was bizarrely told by Mr. Tarrant that he was "overqualified" for that position.

18.     Each time the position became available, it was given to a much younger man with less experience than Mr. Pilitsis.

19.     Furthermore, Mr. Tarrant had repeatedly instructed Mr. Pilitsis to find a way to get rid of "veteran" sales people (i.e. those that are in their seventies (70's) and eighties (80's)).

20.     On August 8, 2006, Eber illegally terminated Mr. Pilitsis's employment solely on the basis of his age.

3

21. Upon information and belief, Defendants were at all times aware of Mr. Pilitsis's civil rights yet deliberately disregarded them.

22. Upon information and belief, Defendants' actions were done maliciously and/or in reckless disregard for Mr. Pilitsis's civil rights.

## DISCRIMINATORY DEMOTION AND TERMINATION

23. Several times in 2005 and early 2006, Mr. Tarrant approached Mr. Pilitsis about taking a "sales position," a position much lower than the one he already had.

24. Mr. Tarrant stated on several occasions that he thought that Mr. Pilitsis would be "more comfortable" in a sales position and make the same amount of money.

25. During this period, Mr. Pilitsis's work performance as a manager was never criticized nor mentioned as to the reason why Mr. Tarrant believed that Mr. Pilitsis would be "more comfortable" in a sales position.

26. On January 27, 2006, Mr. Tarrant verbally gave Mr. Pilitsis a list of accounts and told him of the compensation structure for his new title of sales person.

27. Mr. Pilitsis stated emphatically that he liked his present position and asked about the consequences if he was to refuse the sales position.

28. Mr. Tarrant responded "please don't put me in that position," which Mr. Pilitsis took to mean that he would be terminated if he did not take the sales position.

29. Upon information and belief, at the time of Mr. Pilitsis's illegal demotion, he was the oldest manager, at the age of sixty-eight (68).

30. Upon information and belief, the other managers were between the ages of twenty-nine (29) to thirty-four (34).

31.  As a sales person, Mr. Pilitsis was promised the same compensation as he received when he was a manager. However, the raw reality was that there was no way he would be able to earn the same compensation because he was assigned a limited number of accounts, and his monthly expenses were severely reduced.

32.  Mr. Pilitsis was also assigned to a new group, the "ethnic group," which was managed by a thirty-three (33) year-old individual.

33.  On February 13, 2006, Mr. Pilitsis made repeated inquires and requests to both Lester Eber and Mr. Tarrant to be given the specific accounts, as originally promised, so as to enable him to make the same compensation as he was making before his demotion. He received no substantive responses or additional accounts.

34.  On August 8, 2006, Mr. Pilitsis was illegally terminated from his sales position solely on the basis of his age.

35.  Upon information and belief, Eber did not want managers who were approaching the age of seventy (70), so they would demote them or terminate them.

36.  Considering Mr. Pilitsis's work performance, as exemplified by his promotion to Division Manager, as well as salary increases, unlawful age discrimination could be the only viable basis for Mr. Pilitsis's illegal termination.

## FIRST CAUSE OF ACTION

37.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "36" with the same force and affect as if separately alleged and reiterated herein.

38.  Defendants discriminated against plaintiff in violation of Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621-634.

39. As a result, plaintiff suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" though "36" with the same force and affect as if separately alleged and reiterated herein.

41. Defendants discriminated against plaintiff in violation of New York Executive Law § 296, *et. seq.*

42. As a result, plaintiff suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(i) On the First Cause of Action, actual damages to be determined at trial, but in no event less than $500,000;

(ii) On the Second Cause of Action, actual damages to be determined at trial, but in no event less than $500,000;

(iii) Disbursements and other costs; and

(iv) For such other and further relief which the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:   New York, New York
         October 16, 2007

                                        _____
                                        Walker G. Harman, Jr.
                                        *Attorney for Plaintiff*
                                        1350 Broadway, Suite 1510
                                        New York, New York 10018
                                        (212) 425-2600

To:   Daniel J. Moore, Esq.
      *Attorney for Defendants*
      Harris Beach PLLC
      99 Garnsey Road
      Pittsford, NY 14534
      (585) 419-8626