UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HARRY PILITSIS,

                  Plaintiff,

-against-

EBER-METRO, LLC f/k/a EBER-NDC, LLC,
LESTER EBER, and JAMES TARRANT,

                  Defendants.

---

Case No. 07 Civ. 8143 (HB)

**ANSWER ON BEHALF OF DEFENDANTS EBER-METRO, LLC f/k/a EBER-NDC, LLC and LESTER EBER**

      Defendants, Eber-Metro, LLC f/k/a Eber-NDC, LLC and Lester Eber (collectively the "Answering Defendants") by their attorneys Harris Beach PLLC, for their answer to the Plaintiff's Amended Complaint herein dated October 22, 2007 states as follows:

      1.      Deny the allegations contained in paragraphs "1," "4," "7," "9," "16," "17," "18," "19," "20," "21," "22," "23," "24," "25," "27," "28," "29," "30," "31," "32," "33," "34," "35," "36," "38," "39," "41" and "42".

      2.      With respect to the allegations contained in paragraph "2" of Amended Complaint, the Answering Defendants admit that Defendant Eber-Metro, LLC is an organization authorized to do business in the State of New York, that it leases property located at 305 S. Regent Street and otherwise denies the remaining allegations in the said paragraph.

      3.      Admit the allegations contained in paragraphs "3" and "8".

      4.      With respect to the allegations contained in paragraphs "5" and "6" of the Amended Complaint, the Answering Defendants refer to the statutes cited therein for their true and correct contents only, admit that Plaintiff was formerly employed by Defendant Eber-Metro, LLC, that

HARRIS BEACH
ATTORNEYS AT LAW

Plaintiff is over the age of 40 and otherwise denies the remaining allegations contained in said paragraphs.

5. With respect to the allegations contained in paragraph "10" of the Amended Complaint the Answering Defendants admit that Plaintiff's purport to seek damages pursuant to the statutes cited therein and otherwise deny the remaining allegations contained in the said paragraph.

6. With respect to the allegations contained in paragraph "11" of the Amended Complaint, the Answering Defendants refer to the charge and right to sue letter cited therein for their true and correct contents only admit upon information and belief that the charge was filed on April 12, 2007 and that a right to sue letter was issued on July 17, 2007 and otherwise deny the remaining allegations contained in said paragraph.

7. With respect to the allegations contained in paragraphs "12" and "13" of the Amended Complaint, the Answering Defendants admit that this Court has subject matter jurisdiction over the claims in this action and that venue is properly laid in this Court, refer to the statutes cited therein for their true and correct contents only and otherwise deny the allegations contained in said paragraphs.

8. With respect to the allegations contained in paragraph "14" of the Amended Complaint, the Answering Defendants admit that the Plaintiff was hired on July 31, 1996 as a salesman, that he was generally expected to develop new accounts and otherwise deny the remaining allegations contained in the said paragraph.

9. With respect to the allegations contained in paragraphs "15" of Amended Complaint, the Answering Defendants admit that Plaintiff was promoted to the position of sales manager in October of 1996 and otherwise deny the remaining allegations contained in said paragraph.

10. The Answering Defendants admit upon information and belief the allegations contained in paragraph "26" of Amended Complaint.

11. With respect to the allegations contained in paragraphs "27" and "28" the Answering Defendants admit that the Plaintiff Sales Manager position was eliminated in early 2006, when his sales division was eliminated, that he was offered a position as a Salesman rather than terminated and otherwise denies the remaining allegations contained in the said paragraph.

12. With respect to the allegations contained in paragraphs "37" and "40" of the Amended Complaint, the Answering Defendants repeat and realleged each and every response to the allegations contained in paragraphs "1" through "36" with the same force and effect as if separately alleged and reiterated herein.

13. The Answering Defendants deny each and every remaining allegation of the Complaint not specifically admitted, denied or otherwise controverted.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted against the Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief Plaintiff's claims are barred in whole or in part because he has failed to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

To the extent the Court dismisses Plaintiff's federal cause of action, Plaintiff's state law claims must also be dismissed because the Court should refuse to exercise supplemental jurisdiction over such claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as to any matters not set forth in his administrative charge and for which he has failed to exhaust, and/or elect administrative remedies.



### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant, Lester Eber are barred because the said Defendant is not a proper party to this action under the statute cited and the facts alleged.

### SIXTH AFFIRMATIVE DEFENSE

The challenged employment actions taken by Defendants herein were taken for lawful, non-discriminatory reasons, consistent with business necessity and had nothing to do with Plaintiff's age and/or any other protected characteristic.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrines of waiver, release, estoppel and the "unclean hands" doctrine.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's have failed to meet the statutory prerequisites for brining suit under the Age Discrimination in Employment Act of 1967. Specifically Plaintiff has failed to file an administrative charge within the requisite statutory period with respect to some or all of the claims alleged in this lawsuit.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they fail to meet the applicable limitations period.

### TENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff was aware of but failed to utilize or employ Defendant's policies or procedures safeguarding employees from discrimination.



**WHEREFORE**, for all the foregoing reasons, the Defendants, Eber-Metro, LLC f/k/a Eber-NDC, LLC and Lester Eber respectfully demand a judgment dismissing the Complaint in its entirety on the merits, together with costs, disbursements and reasonable attorney's fees incurred in defense of this action, or if Plaintiff should recover against the Defendant, that recovery be reduced by such amount determined to result from Plaintiff's failure to mitigate these damages and that Defendants have such other and further relief as this Court deems just and proper.

Dated:  November 20, 2007
Rochester, New York

                 HARRIS BEACH PLLC


                 By:___s/ Daniel J. Moore_____
                    Daniel J. Moore
                    *Attorneys for Defendants Eber-Metro,*
                    *LLC f/k/a Eber-NDC, LLC and Lester*
                    *Eber*
                    99 Garnsey Road
                    Pittsford, New York  14534
                    Telephone:  (585) 419-8800

TO: Walker G. Harman, Jr.
    1350 Broadway, Suite 1510
    New York, New York  10018
    Telephone:  (212) 425-2600



# CERTIFICATE OF SERVICE

DANIEL J. MOORE, one of the attorneys for the defendants, EBER-METRO, LLC f/k/a EBER-NDC, LLC and LESTER EBER, hereby certify that on November 21, 2007, I electronically filed the foregoing ANSWER ON BEHALF OF DEFENDANTS EBER-METRO, LLC f/k/a EBER-NDC, LLC and LESTER EBER with the clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. Walker Harman, Jr., Esq.
   1350 Broadway, Suite 1510
   New York, NY 10018

And I hereby certify that I have sent by regular mail the foregoing, by the United States Postal Service, to the following non-CM/ECF participants.

1. N/A

s/Daniel J. Moore
DANIEL J. MOORE

005568 924038.1